```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
KALLILE CAMERON                 :      CIVIL ACTION
                                :
     v.                         :
                                :
SERGEANT VERDELL JOHNSON, et al.:      NO. 05-5758
```

MEMORANDUM

Bartle, C.J.                                            July 6, 2006

Plaintiff, Kallile Cameron, acting pro se, has sued the Philadelphia Police Department 12th District ("Police Department"), Sergeant Verdell Johnson ("Johnson"), Officer Cynthia Cuerton ("Cuerton"), Detective John Doe Smith ("Smith"), and Detective John Doe Wisnieski ("Wisnieski") for violating his constitutional rights and inflicting injury during arrest. Before the court is the motion of defendants to dismiss plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

All well-pleaded factual allegations in the complaint are assumed to be true and are viewed in the light most favorable to the non-moving party. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Rocks v. Phila., 868 F.2d 644, 645 (3d Cir. 1989). A claim should be dismissed only where "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 215 (3d Cir. 2002).

We accept the following facts as true for purposes of defendants' motion.  On October 30, 2003, Sergeant Johnson approached plaintiff, who was talking on his cell phone while sitting in the driver's seat of a parked car.  Johnson pointed a gun at the side of plaintiff's head.  When plaintiff "slightly jumped with fear," Johnson shot plaintiff twice in the back of his left shoulder.  One bullet exited through plaintiff's chest and the other is still lodged in his shoulder so as to cause serious pain and nerve and muscle damage.  After being shot, plaintiff began to drive away and Officer Cuerton fired more shots, although plaintiff makes no mention of other injuries to his person or property.

Plaintiff states no facts involving Detectives Smith or Wisnieski.  Therefore, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, we dismiss plaintiff's claims against Detectives Smith and Wisnieski for failure to state a claim.

It is undisputed that on October 25, 2005, plaintiff delivered his complaint to prison officials to be filed with this court.  In his complaint, plaintiff asserts four causes of action: (1) deliberate indifference; (2) negligence; (3) cruel and unusual punishment in violation of the Eighth Amendment; and (4) intentional infliction of emotional distress.  Because Cameron is a pro se plaintiff, we construe his pleadings liberally and "apply the applicable law, irrespective of whether

[he] has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).

Defendants contend that plaintiff's complaint is time-barred by the two-year statute of limitations because his complaint was filed two days late on November 1, 2005. In Pennsylvania, personal injury claims must be brought within two years, and § 1983 claims are governed by the same statute. See 42 Pa. Con. Stat. § 5524; Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir. 1993). Thus, plaintiff's two-year window ended on October 29, 2005.

Plaintiff contends that his complaint is timely. He relies on Houston v. Lack, 487 U.S. 266 (1988), in which the Supreme Court adopted the mailbox rule for pro se prisoners filing notices of appeal. In Houston, the Court held that a pro se prisoner's notice of appeal was considered filed when he delivered it to prison authorities for forwarding to the District Court. 487 U.S. at 270.

Defendants maintain that Houston's holding is too narrow to apply to the facts of this case. While Our Court of Appeals has not ruled on the precise facts before us, it relied on Houston to hold that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). In Burns, the Court of Appeals cited cases

where other courts have applied Houston to find prisoners' § 1983 complaints timely.  The Court of Appeals emphasized the reality that pro se prisoners lack control over the filing of documents and that they are "entirely at the mercy of prison officials." Id. at 112-13.  The mailbox rule clearly applies to the filing of plaintiff's complaint.  Since it is undisputed that plaintiff delivered his complaint to prison officials on October 25, 2005, it was timely filed, that is within two years of the incident in question which occurred on October 30, 2003.

Defendants next correctly argue that plaintiff is barred from bringing suit against the Police Department because it is not a separate legal entity that can be sued apart from the City of Philadelphia.  See e.g DeBellis v. Kulp, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001) (collecting cases).  We must therefore dismiss plaintiff's claims against the Police Department.

The remaining issue is whether plaintiff can sue individual police officers for use of excessive force during his arrest.  While defendants are correct that plaintiff states no cognizable claim under the Eight Amendment because the events giving rise to this suit occurred prior to conviction, a claim of excessive force during arrest is properly considered as a violation of the Fourth Amendment.  See Graham v. Connor, 490 U.S. 386, 394 (1989).

When evaluating an excessive force claim under the Fourth Amendment, the Supreme Court has instructed,

> [T]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application . . . however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

Id. at 396 (internal quotations and citations omitted).  In the present case, plaintiff was talking on the phone, unarmed, in a parked car when police officers allegedly approached and shot him without provocation.  Assuming these facts as true, plaintiff posed no threat to the safety of the officers or others, nor did he actively resist arrest.  It was not until after he was shot twice at close range that plaintiff attempted to drive away.  Plaintiff has thus stated sufficient facts at the pleading stage to proceed on a Fourth Amendment claim for excessive force against defendants Johnson and Cuerton.  Since plaintiff is proceeding pro se, we will deem his excessive force claim to be made under the Fourth Amendment.

Plaintiff also alleges negligence, deliberate indifference, and intentional infliction of emotional distress against Johnson and Cuerton.  Defendants accurately note that the

Political Subdivision Tort Claims Act waives immunity where an employee's conduct constituted a "crime, actual fraud, actual malice or willful misconduct."  42 Pa. Cons. Stat. § 8550.  Under the Tort Claims Act, "willful misconduct" is synonymous with "intentional tort."  Kuzel v. Krause, 658 A.2d 856, 859 (Pa. Commw. Ct. 1995).  Plaintiff cannot therefore pursue a negligence claim against the individual police officers because by definition negligence cannot rise to the standard of willful misconduct.

      Defendants do not assert that plaintiff is barred from suing the individual police officers under theories of deliberate indifference or intentional tort.  Therefore, we grant defendants' motion to dismiss plaintiff's negligence claim, but plaintiff may proceed on his other claims against Johnson and Cuerton.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KALLILE CAMERON                      :     CIVIL ACTION
                                     :
     v.                              :
                                     :
SERGEANT VERDELL JOHNSON, et al.     :     NO. 05-5758
```

ORDER

AND NOW, this 6th day of July, 2006, it is hereby ORDERED that:

(1) the motion of defendants Philadelphia Police Department 12th District, Sergeant Verdell Johnson, Officer Cynthia Cuerton, Detective John Doe Smith, and Detective John Doe Wisnieski to dismiss plaintiff's complaint is GRANTED in part and DENIED in part;

(2) the motion of Philadelphia Police Department 12th District to dismiss the complaint as to it is GRANTED;

(3) the motion of defendants Detective John Doe Smith and Detective John Doe Wisnieski to dismiss the complaint as to them is GRANTED;

(4) the motion of defendants Sergeant Verdell Johnson and Officer Cynthia Cuerton to dismiss plaintiff's claims of negligence as to them is GRANTED; and

(5) the motion of defendants to dismiss is otherwise DENIED.

BY THE COURT:

/s/ Harvey Bartle, III
C.J.

---